GROSS, J.
Panton & Co. Realty, Inc. appeals from an adverse summary final judgment granted on claims arising from two separate real estate transactions. Finding issues of material fact that preclude summary judgment, we reverse.
The first transaction involved a residence purchased by John Roth. Viewing the facts in the light most favorable to Panton, appellee Brad Wood struck a deal with Panton to split the real estate commission from the Roth sale 50/50. At the time, Brad Wood had an inactive real estate license, although he held himself out to Panton as a licensed real estate associate. Through his brother Merle, Wood procured Roth as a client. Using the stationary of appellee, 17th Street Realty, Inc., a licensed broker who employed his girlfriend, Brad Wood confirmed the fee splitting deal in writing and admitted that he expected to receive compensation. After the Roth transaction closed, 17th Street Realty directed Panton to make the entire commission check payable to appel-lee Merle Wood & Associates, Inc., a yacht brokerage business owned by Merle. Following these directions, Panton paid $91,875 to Merle Wood & Associates.
The second transaction involved the sale of Merle Wood’s home. Using his brother Brad as a go-between, Merle Wood engaged Panton to be the listing agent. Although no fee splitting arrangement is in writing, appellees contend that Panton *542 agreed with Brad Wood to split its commission 50/50 with 17th Street Realty. Panton denied the existence of any such agreement. The sale of Merle Wood’s home generated a fee of $104,000 to the listing agent. The transaction closed, but this commission was held by an escrow agent.
The escrow agent commenced an inter-pleader action. 17th Street Realty cross-claimed against Panton, alleging a breach of the oral agreement with Brad Wood; Panton crossclaimed against 17th Street Realty contending that it was entitled to the full $104,000 commission on the Merle Wood sale. Also, Panton filed a third party claim against Brad Wood and Merle Wood & Associates seeking return of the commission previously paid on the Roth transaction, alleging that Brad Wood was not a licensed real estate sales associate. Panton contended that Brad Wood’s failure to comply with the licensing requirements of section 475.41, Florida Statutes precluded Brad Wood from receiving any commission on the Roth or Wood transactions.
The trial court granted appellees’ motions for summary judgment, holding that Brad Wood’s actions did not violate section 475.41 as a matter of law.
The instant litigation turns on the application of section 475.41, Florida Statutes (2002), which reads:
No contract for a commission or compensation for any act or service enumerated in § 475.01(3) is valid unless the broker or sales associate has complied with this chapter in regard to issuance and renewal of the license at the time the act or services was performed.
A person “operates” as a broker if he commits a single act described in Chapter 475 as “constituting or defining a broker.” § 475.01(3), Fla. Stat. (2002). A person acts as a broker if, inter alia, he holds out to the public by an oral representation that he is engaged in selhng the real property of others or directs or assists in the procuring of prospects, “for a compensation or valuable consideration directly or indirectly paid or promised expressly or impliedly, or with an intent to collect or receive a compensation or valuable consideration.” § 475.01(a), Fla. Stat. (2002).
Viewing the facts in the light most favorable to Panton, we find issues of material fact when applying section 475.41 to these transactions. Brad Wood held himself out to Panton as a licensed real estate agent. He took part in procuring a buyer and a seller who engaged Panton for real estate transactions. His participation in the real estate deals was for compensation or with an intent to receive compensation. One view of the evidence is that 17th Street Realty was but a straw man in both transactions.
We therefore reverse the partial final judgment entered on March 15, 2006, and remand for further proceedings.
SHAHOOD and TAYLOR, JJ., concur.